**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHARLES SMITH, | **Hon. Renée Marie Bumb** |
| Petitioner, | Civil No. 12-3270 (RMB) |
| v. |  |
| DONNA ZICKEFOOSE, | **OPINION** |
| Respondent. |  |

**APPEARANCES**:

    CHARLES SMITH, #13720-067
    FCI Fort Dix
    P.O. 2000
    Fort Dix, NJ 08640
    Petitioner Pro Se

**BUMB, District Judge**:

    Charles Smith, a federal prisoner confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in 2007 by the United States District Court for the Middle District of Pennsylvania. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.  BACKGROUND**

    Petitioner challenges his incarceration pursuant to a 120-month term of imprisonment imposed on his plea of guilty to one

count of traveling in interstate commerce with the intent to engage in illegal sexual conduct.  See United States v. Smith, 266 Fed. App'x 214 (3d Cir. 2008).  Smith filed a direct appeal, and on February 26, 2008, the Third Circuit affirmed, rejecting his claim that the plea was not knowing and voluntary.  Id.  On March 9, 2011, Smith filed a motion to vacate under 28 U.S.C. § 2255, claiming ineffective assistance of counsel during the plea and sentencing.  See United States v. Smith, Crim. 05-0432 (ARC) motion (M.D. Pa. Mar. 9, 2011).  On April 23, 2012, the Middle District of Pennsylvania denied the motion to vacate as untimely.  Id. at Dkt. 75, 76.

    Smith, who is now confined at FCI Fort Dix in New Jersey, executed the § 2241 Petition presently before this Court on May 16, 2012.  Smith asserts that defense counsel was constitutionally ineffective with respect to the guilty plea and sentence.  (Dkt. 1 at 1-3, 20.)

## II.  DISCUSSION

A.  Jurisdiction

    Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective."[1]  See 28 U.S.C. § 2255(e). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

Here, Petitioner's ineffective assistance of counsel claims are within the scope of claims cognizable under § 2255. Moreover, Smith presented the same claims to the sentencing court in his motion to vacate under 28 U.S.C. § 2255. Thus, this Court lacks jurisdiction over these claims under § 2241 unless Smith shows that the remedy under § 2255 is inadequate or ineffective. Section 2255 is not inadequate or ineffective for Petitioner's claims, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted is now non-criminal. See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment

4

of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)); <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002).  Because § 2255 is not an inadequate or ineffective remedy for Smith's claims, this Court lacks jurisdiction to entertain his challenges to his conviction and sentence under § 2241 and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
United States District Judge

Dated: June 29, 2012